# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| SCOTT C. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:12-CV-260 |
| | ) | |
| STATE FARM FIRE & CASUALTY | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on: (1) Defendants' Motion to Dismiss a Party Pursuant to Federal Rule of Civil Procedure 21, filed on July 6, 2012; and (2) Motion for Remand, filed by Plaintiff, Scott C. Smith, on August 30, 2012. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED.** Accordingly, Chris Nielson is **dismissed** from this case. Because Nielson's dismissal leaves complete diversity, the motion to remand is **DENIED**.

BACKGROUND

On June 6, 2012, Plaintiff, Scott C. Smith, brought suit against his insurer, State Farm Fire and Casualty Company[1] ("State Farm"), and his State Farm insurance agent, Chris Nielson, in

---

[1] Incorrectly named as State Farm Fire and Casualty Insurance Company.

-1-

Indiana state court. This suit centers around State Farm's handling of Smith's fire loss claim and Agent Chris Nielson's alleged representations made to Smith regarding how State Farm handles claims.

A month after suit was filed, Defendants filed a Notice of Removal, removing this case from state court to federal court based on diversity of citizenship jurisdiction. The Notice identified Smith as a citizen of Indiana, State Farm as an Illinois corporation and Nielson as an Indiana citizen. Despite Smith and Nielson both having Indiana citizenship, State Farm maintained that complete diversity is not destroyed because Nielson was fraudulently joined as a defendant in this action. As such, State Farm argued Nielson should be dismissed pursuant to Rule 21 of the Federal Rules of Civil Procedure.

In line with its Notice, Defendants filed a motion to dismiss Nielson pursuant to Rule 21. In response, Smith filed a motion for remand, arguing that Nielson is a proper defendant and, therefore, there is no diversity of citizenship jurisdiction. As such, Smith seeks to remand this case back to state court.

This Court, then, is to decide whether the complaint states a claim against Nielson. If it does, then a remand to state court would be proper due to lack of diversity jurisdiction. If the complaint does not state a cognizable claim against Nielson, then this Court will dismiss him and allow this litigation to continue

here.

DISCUSSION

Fraudulent Joinder

State Farm argues that Nielson should be dismissed from this case because he was fraudulently joined as a defendant. Judge Miller has recently opined on the fraudulent joinder doctrine and succinctly stated that:

> The fraudulent joinder doctrine allows a court considering removal to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction. To establish fraudulent joinder, a defendant must demonstrate that , after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant. Framed a different way, the district court must ask whether there is any reasonable possibility that the plaintiff could prevail against the non-diverse defendant. In conducting this analysis, a district court must turn to state law to determine whether the plaintiff has any reasonable possibility of success.

*Haire v. State Farm Fire & Casualty Company*, No. 1:11-CV-222, 2011 WL 473850 *1 (N.D. Ind. Oct. 5, 2011). To determine if Nielson's dismissal is warranted under the fraudulent joinder doctrine, the Court must evaluate the allegations against Nielson.

Allegations of the Complaint against Nielson

Count IV of the complaint relates to State Farm agent Nielson. It provides:

**Count IV- Agent's Negligence and Misrepresentation**

21. Chris Nielson misrepresented State Farm's policy to the Plaintiff, who had a long history with them and had other insurance policies provided by them on earlier occasions.

22. The Plaintiff justifiably relied on Chris Nielson's representations about the insurance policy, to his severe detriment at the time.

23. Upon information and belief, Chris Nielson made the representations for the specific purpose of having Plaintiff purchase the insurance through State Farm, when he knew or should have known that the statements were completely false, and that State Farm would act in violation of the policy after a loss event.

24. Plaintiff has been and continues to be damaged by the acts of the defendant.

25. Plaintiff has been further damaged in that he has not been able to replace his home or possessions, is currently paying rent, and remains effectively evicted from the home he was accustomed to before the loss.

In addition to the pleadings, Smith has provided an affidavit regarding his allegations against Nielson. An evaluation of fraudulent joinder is sometimes limited to the review of the pleadings. However, the Seventh Circuit has held that a diversity-related and uncontroverted affidavit, such as Smith's, is admissible to consider in deciding whether fraudulent joinder has been established. *Faucett v. Ingersoll-Rand Mining & Machinery Co.*, 960 F.2d 653, 655 (7th Cir. 1992). State Farm does not contest the consideration of Smith's affidavit. Accordingly, this Court will consider Smith's affidavit, which provides, in relevantpart:

3.  In 2007 or 2008, State Farm agent Chris Nielson made representations to me that State Farm was a company that honored claims in a prompt, fair and reasonable manner.

4.  At that time agent Chris Nielson instructed me that should I make a claim, after providing information about the loss, State Farm would timely honor the claim and made a prompt, fair and reasonable settlement.

5.  I have had insurance for many years and specifically sought this information before I bought the insurance.

6.  I relied on Chris Nielson, and kept up with him on the insurance between the time I purchased it and the date of loss, July 16, 2010.

7.  I dealt with Chris Nielson after the loss and considered him the contact person from State Farm.

8.  I considered [Nielson] the contact person because he wrote the checks, assisted with the inventory and proof of loss, and insisted throughout that despite the complete loss of my home and perusal property, State farm would take care of me and my family.

9.  Even though the fire happened in July, 2010, and the policy provides that appraisal is available to either party when they cannot agree on the amount of the loss, Chris Nielson discouraged me from going forward with the insurance appraisal, even while representing that State Farm would be fair, prompt and reasonable in paying the claim.

***

11. Even after the 13 month delay and the determination by all of the amount of the loss, State Farm did not pay the amount of the loss, and instead designated their own less amounts to be paid using its own determination of Actual cash Value that was not part of any State Farm claim before then, was not part of the disputed amount during the Appraisal, and was not part of the appraisal in which their own Appraiser agreed about the amount of loss.

12. If I had known that State Farm would act as it has acted after my fire loss, I would not have gotten State Farm Insurance for coverage from my home or anything else.

13.[2] Chris Nielson acted as my special and personal advisor in the insurance purchase and in the claim process.

(Aff. Chris Nielson).

The Fraudulent Misrepresentation Claim Against Agent
Nielson Does Not State a Claim for Which Relief Can be Granted
===

In Indiana, the elements of fraudulent misrepresentation are that: (1) the defendant made false statements of past or existing material fact; (2) the defendant made the statements knowing them to be false or made them with recklessly without knowledge of their truth or falsity; (3) the defendant made the statements to induce the plaintiff to act upon them; (4) the plaintiff justifiably relied and acted upon the statements; and (5) the plaintiff sustained damages as a proximate result. *Haire*, 2011 WL 4732850, at \*2 (*citing Vanderwier v. Baker*, 937 N.E.2d 396, 398 (Ind. Ct. App. 2010). "Under Indiana law, a claim for fraud cannot be based on a misrepresentation of law or on a promise to be performed in the future. Additionally, 'mere opinion or prophecy cannot be the basis for an action of fraud.'" *Id.* (*quoting American Family Mut. Ins. v. Jeffrey*, NO. IP 98-1085, 2000 WL 1206623, at \*7 (S.D. Ind. Aug. 11, 2000)(*also quoting Medtech Corp. v. Indiana Ins. Co.*, N.E.2d 844, 848 (Ind. Ct. App. 1990)).

The factual allegations against Nielson in this case are virtually identical to the allegations Kimberly Haire made against

---

[2] Misnumbered as a successive number 12 in the affidavit.

her State Farm agent, Paul Strepp, in *Haire v. State Farm Fire & Casualty Company*, No. 1:11-CV-222, 2011 WL 4732850 (N.D. Ind. Oct. 5, 2011). In *Haire*, the plaintiff alleged against agent Paul Strepp:

15. Prior to June 11, 2009, Plaintiff obtained and maintained her insurance from Paul Strepp, CLU, an agent of State Farm Fire & Casualty Company, who sold her the insurance policy in this case.

16. As agent for State Farm, Paul Strepp misrepresented State Farm to Plaintiff as a company that acts promptly and fair after a loss, but in fact did neither in this claim.

17. In addition, as agent for State Farm, Paul Strepp misrepresented State Farm at the time Plaintiff left her former insurer, relying on the misrepresentations as the basis for changing insurance.

18. Plaintiff justifiably relied on Paul Strepp's representations about State Farm.

19. Upon information and belief, Paul Strepp's Agency made the representations for the specific purpose of having Plaintiff purchase the insurance through them, when it knew or should have known that the statements were false, and that based on State Farm's loss history it would act in violation of the policy after a loss event.

20. As a direct and proximate result of Paul Strepp's misrepresentations, Plaintiff has suffered damages for the value of her insured home, personal property, and for additional living expenses.

21. Plaintiff has been further damaged in that she has not been able to rebuild her home, has not been able to remediate the property that can be remediated, and remains effectively evicted from the home that she was accustomed to before the loss.

*Haire*, 2011WL 4732850 at * 2.

In *Haire*, Judge Miller found that a misrepresentation claim could

not be maintained against agent Paul Strepp.  Judge Miller held that "[a] statement that State Farm 'acts promptly and fair[ly] after a loss' is an opinion about State Farm rather than a statement of fact, and doesn't relate to a past or existing fact, but rather to some unforseen future event."  *Id.* at *3.

Like the allegations against the agent in *Haire*, here Smith complains that Nielson made misrepresentations that State Farm was a company that honored claims in a prompt, fair and reasonable manner.  Just as Judge Miller found in *Haire*, this Court, too, finds such alleged statements are insufficient to give rise to a misrepresentation claim.  Indeed, any such statement is "an opinion about State Farm rather than a statement of fact, and doesn't relate to a past or existing fact, but rather to some unforseen future event."  *Id.* at *3; see also *Mudd v. Ford Motor Co.*, 178 Fed. Appx. 545, 547 (7th Cir. 2006).  This conclusion likely comes as little surprise to the parties, as both should be rather familiar with the decision in *Haire*.  Indeed, State Farm was a party to that litigation and Plaintiff's counsel here was also the plaintiff's counsel in *Haire*.

## The Complaint Does Not Allege a Separate Negligence Claim

Smith titles Count IV as "Agent's Negligence and Misrepresentation."  At first glance, the title suggests that Count IV contains separate two claims; a claim for

misrepresentation and a separate claim for negligence. It is true that negligence actions and actions of misrepresentation can be maintained against insurance agents in certain situations. *See e.g., Wyrick v. Hartfield*, 654 N.E.2d 913 (Ind. Ct. App. 1995)(noting that there exists a duty on the part of insurance agents to procure insurance). However, in revisiting the allegations of the complaint, it is evident that Smith's claim centers solely around Nielson allegedly telling Smith that State Farm had a fair and reasonable process of handling claims. Tellingly, in his brief, after reciting his allegations, Smith argues that his complaint is sufficient to state a claim for "actual misrepresentation and negligent misrepresentation." (DE# 13, p.7). Thus, it is quite apparent that the "negligence" referred to in the heading of Count IV relates to Nielson's alleged misrepresentations. Again, no matter if made negligently or intentionally, Nielson's statements that State Farm would act in a prompt, reasonable and fair manner are not actionable.

Moreover, this Court finds no stand alone claim of negligence to be alleged against Nielson in the complaint. This is not surprising as Smith does not argue that one exists in his brief. Smith's mere mention of the word negligence, without any supporting argument, case citation or development, is not enough to carry the day. This Court declines to speculate and construct Smith's potential arguments. It is not this Court's job to sift the record

and make the parties' arguments for them. See, e.g. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)("Judges are not like pigs, hunting for truffles buried in" the record). Smith's failure to develop his arguments is fatal to any stand alone claim for negligence.

State Farm and Nielson have shown that there is no reasonable probability that Smith could prevail against Nielson. Therefore, agent Nielson is **DISMISSED** as a defendant, making his citizenship irrelevant to federal diversity jurisdiction upon removal. Because Nielson's dismissal leaves complete diversity, remand is inappropriate.

CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED.** Accordingly, Chris Nielson is **dismissed** from this case. Because Nielson's dismissal leaves complete diversity, the motion to remand is **DENIED.**

DATED: November 2, 2012          /s/RUDY LOZANO, Judge
                                 **United States District Court**